UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eric David Jeter, #288299,<br><br>                      Plaintiff,<br><br>v.<br><br>Officer McGee or Mrs. McFadden (Same Person), Sgt. Henneghan and Mike Illes,<br><br>                      Defendants. | C/A No. 0:05-2852-GRA-BM<br><br>ORDER<br><br>[Written Opinion] |

      This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed October 13, 2005. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. The magistrate recommends dismissing this action without prejudice and without issuance or service of process. For the reasons stated below, the Report and Recommendation is accepted and adopted in its entirety.

      Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

      The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

Parties must file with the clerk of court specific, written objections to the Report and Recommendation, if they wish the United States District Judge to consider them. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. FED. R. CIV. P. 72(b); *See Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff filed objections to the Report and Recommendation on October 19, 2005.

Plaintiff first objects to the magistrate court taking judicial notice of Plaintiff's previous 42 U.S.C. § 1983[1] action. Plaintiff states that while the previous case dealt with his house keys being stolen and the subsequent search of his residence subject to a search warrant, he claims the issues in the instant case are different because it involves a different Defendant, Officer McGee, allegedly stealing Plaintiff's keys and giving them to Investigator McFadden[2], husband of Officer McGee. However, this Court finds that the issues in the instant case are the same, the only difference being the named Defendants in the instant action.

Pursuant to *Fed.R.Evid*. 201(b)(2), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." We note that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *21 C. Wright & K.*

---

[1] Eric David Jeter v. Investigator Thomas McFadden; Judge White, Magistrate; and Florence County Sheriff's Department, Civil Action No. 0:05-1703-GRA-BM.

[2] Investigator McFadden was a named Defendant in the above cited case.

*Graham, Federal Practice and Procedure: Evidence* § 5106 at 505 (1977). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). In the interest of justice this Court believes that it may take judicial notice of Plaintiff's previous § 1983 action involving the very same property and issues involved in this proceeding. Thus, the Court finds the objection to be without merit.

The Plaintiff further objects to the magistrate court using grounds from Plaintiff's previous § 1983 action for summary dismissal, due to the fact that Officer McGee's (Mrs. McFadden) actions were different. The Plaintiff contends that the search warrant was not used to obtain his house keys, that his house keys were stolen by Officer McGee (Mrs. McFadden) and therefore she broke different laws and codes by surrendering his keys to Investigator McFadden. However, as the magistrate correctly found, it is readily apparent from plaintiff's own fact summary that when Officer McGee (Mrs. McFadden) provided Plaintiff's house keys to Florence County Sheriff's Department Investigator McFadden, it was pursuant to the search warrant that had been issued by Judge White.

It is well settled that actions taken in execution of a judge's order are entitled to quasi judicial immunity. *Mayes v. Wheaton*, 1999 U.S. Dist. LEXIS 17182, 1999 WESTLAW 1000510 ( N.D.III., November 1, 1999)("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), *citing Forrester v. White*, 484 U.S. 219, 226-227, 1988 U.S.LEXIS 308 (1988). It would obviously be necessary to obtain the house keys, so that it would not be necessary for the authorities conducting the search, pursuant to the warrant, to break down the door to Plaintiff's residence. Therefore Plaintiff's objection is without merit.

Plaintiff also attempts to raise a new issue with the Court by alleging that the Defendants have denied him the right of access to the Law Library to research the case that the Report and Recommendation ordered him to review. This issue was not before the magistrate and after careful consideration, this Court declines to

3

address the issue, for the reason that it is not properly before this Court.

After a review of the magistrate's Report and Recommendation and Plaintiff's objections, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's case be DISMISSED without prejudice and without issuance or service or process.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

November 2, 2005.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.